USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___9/14/2021___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LARRY FULLEWELLEN,

                              Plaintiff,

              -against-

CITY OF NEW YORK,

                              Defendant.

21-CV-7219 (MKV)

ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, currently incarcerated in the North Infirmary Command on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that he was held in a precinct for three days without food, water, or access to a telephone, and that he was indicted for a crime that he did not commit. By order dated August 27, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**DISCUSSION**

A.    **Claims arising from ongoing criminal proceedings**

1.    **Habeas corpus relief**

To the extent Plaintiff seeks release from custody in connection with his ongoing criminal proceedings, the Court liberally construes his submission as a *habeas corpus* petition filed under 28 U.S.C. § 2241. Under § 2241(c)(3), *habeas corpus* relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States." A convicted prisoner in state custody generally must challenge his confinement in a *habeas corpus* petition under 28 U.S.C. § 2254, but a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law may seek *habeas corpus* relief in a petition brought under § 2241. *See, e.g.*, *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082 (JFK), 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

Before seeking § 2241 *habeas corpus* relief, however, a state pretrial detainee must first exhaust his available state-court remedies. *See Jordan v. Bailey,* 985 F. Supp. 2d 431, 436 (S.D.N.Y. 2013) (citing *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the

New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.*

Here, Plaintiff alleges that he filed a petition that was denied, but he provides no facts suggesting that he has exhausted state-court remedies by appealing to the New York State Supreme Court, Appellate Division, First Department, and then seeking leave to appeal to the New York Court of Appeals. Because Plaintiff does not show that he exhausted his available state-court remedies before filing his § 2241 petition in this Court, the Court denies without prejudice any application for relief under § 2241.

### 2.   Intervention in ongoing criminal proceedings

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commcns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceedings. The Court will therefore not intervene in those proceedings.

### B.   Order of Service

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals

Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal

Rules of Civil Procedure generally requires that the summons and complaint be served within 90

days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the

summons and complaint until the Court reviewed the complaint and ordered that a summons be

issued. The Court therefore extends the time to serve until 90 days after the date the summons is

issued. If the complaint is not served within that time, Plaintiff should request an extension of

time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the

plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*,

378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the

information necessary to identify the defendant, the Marshals' failure to effect service

automatically constitutes 'good cause' for an extension of time within the meaning of Rule

4(m).").

To allow Plaintiff to effect service on Defendant City of New York through the U.S.

Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process

Receipt and Return form (USM-285 form) for this defendant. The Clerk of Court is further

instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary

for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

## C.      Doe defendants

Plaintiff does not name Doe defendants, but the Court assumes that Plaintiff intended to

sue the police officers who oversaw his detention in the precinct for three days. Under Rule 21 of

the Federal Rules of Civil Procedure, a district court, "on its own, . . . may at any time, on just

terms, add or drop a party." The Clerk of Court is directed to add John Doe defendants to the docket of this case.

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff appears to supply sufficient information to permit the New York City Law Department to identify the John or Jane Doe police officers who were involved in the events giving rise to this complaint. It is therefore ordered that the New York City Law Department ascertain the identity and badge number of each Doe police officer whom plaintiff seeks to sue here and the address where each defendant may be served. The New York City Law Department shall provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is instructed to complete the USM-285 form with the address for the City of New York and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to add John/Jane Doe defendants to the docket, under Federal Rule of Civil Procedure 21.

The Clerk of Court is further directed to mail a copy of this order to the New York City Law Department at 100 Church Street, New York, New York 10007.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:    September 14, 2021
          New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge

6

**DEFENDANT AND SERVICE ADDRESS**

City of New York
100 Church Street
New York, N.Y. 10007