USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LARRY FULLEWELLEN,

                              Plaintiff,

              -against-

CITY OF NEW YORK,

                              Defendant.

1:21-cv-7219 (MKV)

**MEMORANDUM OPINION
AND ORDER GRANTING
MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Larry Fullewellen brings this *pro se* action under 42 U.S.C. § 1983, alleging that

after his arrest, he was held in a precinct for three days without food, water, counsel, or access to

a telephone, and that he was indicted for a crime he did not commit.  Defendant City of New York

("the City") moves to dismiss these claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the following reasons, the motion to dismiss is GRANTED.

### BACKGROUND[1]

Fullewellen was arrested for second-degree murder by the Port Authority Police

Department on August 18, 2018.  *See* Declaration of Richard Bahrenburg ("Bahrenburg Decl.")

Exhibit A ("Ex. A") [ECF No. 18-1]; Bahrenburg Decl. Exhibit B ("Ex. B") [ECF No. 18-2];

Bahrenburg Decl. Exhibit C ("Ex. C") [ECF No. 18-3].  Fullewellen was arraigned after three days

in custody.  Complaint 4 [ECF No. 2] ("Compl.").[2]  Fullewellen later pled guilty in New York

---

[1] Unless otherwise noted, the following facts are taken from the Amended Complaint and accepted as true
for purposes of this motion.  *See Poindexter v. EMI Rec. Grp. Inc.*, No. 11 CIV. 559 LTS JLC, 2012 WL 1027639, at
*1 (S.D.N.Y. Mar. 27, 2012).

[2] The parties dispute when the arraignment took place.  Fullewellen alleges that he was arraigned on August
21, 2018, three days after his arrest.  Compl. 4.  Pointing to one of its exhibits, the City replies that Fullewellen was
actually arraigned one day after his arrest, on August 19, 2018.  Memorandum of Law in Support 1 [ECF No. 19]
("Def. Mem."); *see also* Ex. B.  However, the City provides conflicting documentation that suggests Fullewellen was
arraigned on August 27, 2018.  *See* Ex. D.  Given the factual dispute on this issue, the Court does not credit or take
judicial notice of the arraignment date in Defendant's Exhibits B and D, and instead accepts as true, for purposes of

state court to manslaughter in the first degree and was sentenced to 15 years of imprisonment. Bahrenburg Decl. Exhibit D ("Ex. D") [ECF No. 18-4].

Fullewellen filed his *pro se* Complaint against the City in August 2021, alleging he "was held in [a] precinct for 3 days without food and water or phone usage," "denied the right to speak on [his] own behalf" at his arraignment, "indict[ed] for a charge [he] did not commit," and that he has "been illegally held ever since." Compl. 4. Fullewellen seeks $2,000,000 in damages for his pain and suffering. Compl. 5. Liberally construing the allegations of the Complaint, Fullewellen appears to allege claims under Section 1983 for: (1) false arrest "for a charge [he] did not commit," (2) malicious prosecution stemming from his "indictment," (3) false imprisonment caused by his "illegal[]" detention, (4) due process violations because he was "denied the right to speak" at his arraignment, and (5) unconstitutional conditions of confinement, given that he was allegedly deprived of "food and water or phone usage" for three days. Compl. 4. Fullewellen brings these claims *only* against the City, and not any individual defendants. Compl. 3.

The City moved to dismiss under Rule 12(b)(6). *See* Motion to Dismiss [ECF No. 17]; Memorandum of Law in Support [ECF No. 19] ("Def. Mem."). Along with its motion to dismiss, the City provided the Court with: (1) Plaintiff's August 18, 2018 arrest record, *see* Ex. A; (2) Plaintiff's "Online Prisoner Arraignment Printout," Ex. B; (3) several screenshots depicting Plaintiff's Inmate Lookup Service record from the Department of Corrections ("DOC"), Ex. C; and (4) Plaintiff's January 21, 2022 certificate of disposition in New York state court, Ex. D. The Court takes judicial notice of these documents. *See Hooks v. City of New York*, No. 21-CV-10771 (JGK), 2022 WL 16964010, at *4 (S.D.N.Y. Nov. 16, 2022) (The Court may "take judicial notice

---

the Rule 12(b)(6) motion, the Complaint's three-day allegation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is *not* subject to reasonable dispute." (emphasis added)).

of court documents and other public records, including arrest reports, criminal complaints, indictments, and criminal disposition data." (cleaned up)); *Tribble v. City of New York*, No. 10 CIV. 8697 JMF, 2013 WL 69229, at \*1 n.1 (S.D.N.Y. Jan. 3, 2013) (taking judicial notice of inmate's online DOC records); *Livingston v. Mejia*, No. 20 CIV. 2009 (JPC), 2022 WL 976808, at \*2 (S.D.N.Y. Mar. 31, 2022) (taking judicial notice of online prisoner arraignment form).

Fullewellen filed a one-page letter opposing the City's motion two and a half months after an opposition brief was due. *See* Letter [ECF No. 23] ("Pl. Opp."); Order [ECF No. 14]. The letter asserted that Fullewellen was "placed in [a] China Town jail for 3 days without no water, no food, no phone call[,] and no counsel." Pl. Opp. Given the "liberality afforded *pro se* litigants" and because the allegations "are consistent with the allegations contained in the pleading," the Court "consider[s] [the] new allegation[] in [Fullewellen's] opposition memorandum," namely the alleged deprivation of his right to counsel, notwithstanding its untimeliness. *Van Orden v. City of Port Jervis*, No. 20-CV-07207 (PMH), 2022 WL 1667024, at \*1 n.4 (S.D.N.Y. May 25, 2022). The City did not file a reply brief.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court "must accept as true all of the allegations contained in a complaint," this "tenet . . . is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The Court may also consider "matters of which judicial notice may be taken." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citation omitted).

3

Where, as here, the Complaint is filed *pro se*, "it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (citation omitted). Even so, "a *pro se* complaint must state a plausible claim for relief." *Id.*; *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)).

## ANALYSIS

Section 1983 states that "[e]very person who . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. The Court construes the Complaint and Opposition Brief as alleging six claims under Section 1983: (1) false arrest, (2) malicious prosecution, (3) false imprisonment, (4) arraignment due process violations, (5) unconstitutional conditions of confinement, and (6) deprivation of the right to counsel.

I. ***Heck* Bars the False Arrest, Malicious Prosecution, False Imprisonment, Arraignment Due Process, and Right to Counsel Claims**

Five of Fullewellen's claims—false arrest, malicious prosecution, false imprisonment, arraignment due process, and right to counsel—all fail for the same reason: they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court explained that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. "[I]f it would, the complaint *must* be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* (emphasis added). A conviction is "invalidated" when it "has been reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486–87.

The claims for false arrest, false imprisonment, and malicious prosecution each necessarily imply the invalidity of Fullewellen's later conviction and sentence. To state a claim for false arrest, Fullewellen must allege that his August 18, 2018 arrest was *not* supported by probable cause. *See Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994). However, a "conviction is *conclusive* evidence of probable cause for the arrest." *O'Donnell v. Card*, No. 11 CIV. 3297 ER, 2013 WL 3929632, at *4 (S.D.N.Y. July 30, 2013) (emphasis added); *see also Yajure v. DiMarzo*, 130 F. Supp. 2d 568, 574 (S.D.N.Y. 2001). Here, Fullewellen was convicted by guilty plea. *See* Ex. D. That conviction is conclusive evidence that the August 18, 2018 arrest was supported by probable cause. *See Maietta v. Artuz*, 84 F.3d 100, 102 n.1 (2d Cir. 1996) ("[C]ommon law principles preclude a challenge to the validity of an arrest after a guilty plea, for purposes of a civil suit under 42 U.S.C. § 1983."); *Younger v. City of New York*, 480 F. Supp. 2d 723, 730 (S.D.N.Y.2007) (Section 1983 claim for false arrest barred by conviction entered on guilty plea).

The false imprisonment claim fails for the same reason. A defendant can defeat a claim for false imprisonment "if he can establish that there was probable cause for the arrest." *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986). As such, Fullewellen's guilty plea and conviction negate any plausible liability on the part of the City here for false imprisonment. The same reasoning precludes the claim for malicious prosecution. *See id.* ("[T]he fact that the person against whom criminal proceedings are instituted is guilty of the [charged] crime . . . is a complete defense against liability for malicious prosecution." (citation omitted)). This conclusion accords with "the common-law rule, equally applicable to actions asserting false arrest, false imprisonment, or malicious prosecution, . . . that the plaintiff can under no circumstances recover

if he was convicted of the offense for which he was arrested." *Id.*  The Complaint therefore fails to state a claim for false imprisonment or for malicious prosecution.

The arraignment due process claim similarly "impl[ies] the invalidity of" Fullewellen's conviction and sentence.  *Heck*, 512 U.S. at 487.  Where, like here, a plaintiff alleges that "the procedures were wrong," *Edwards v. Balisok*, 520 U.S. 641, 645 (1997), a plaintiff may not recover where the alleged unlawful actions "would render a conviction or sentence invalid," *Heck*, 512 U.S. at 486.  Fullewellen suggests that he was "denied the right to speak on [his] own behalf" at his arraignment which "resulted in [his] indictment for a charge [he] did not commit" and his "illegal[]" detention "ever since."  Compl. 4.[3]  Because Fullewellen purports to challenge *the reason* he was indicted and subsequently convicted and sentenced, his sole federal remedy is by way of habeas corpus.  *See Wallace v. Kato*, 549 U.S. 384, 392 (2007) ("Congress . . . has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."  (citation omitted)); *see also Delarosa v. Serita*, No. 14-CV-737 MKB, 2014 WL 1672557, at *2 (E.D.N.Y. Apr. 28, 2014).

Finally, the deprivation of the right to counsel claim appears to allege that Fullewellen was deprived of counsel for the three days he was held "in [a] China Town jail" before his arraignment. Pl. Opp.  Fullewellen does not allege or in any way suggest that he was not represented by counsel at his arraignment, or in connection with his later guilty plea.  Regardless, the Second Circuit has explained that "a ruling in Plaintiff's favor" on counts "which raise questions about Plaintiff's Sixth Amendment right to counsel" would "implicate the validity of his conviction."  *Zarro v.*

---

[3] These allegations make little sense, as arraignment typically follows an indictment.  Even so, the Court accepts Fullewellen's allegations as true at this preliminary stage.  *See Iqbal*, 556 U.S. at 678.

*Spitzer*, 274 F. App'x 31, 34–35 (2d Cir. 2008).  Any such claims must therefore await a petition

for habeas corpus.  *See Wallace*, 549 U.S. at 392.

Fullewellen does not allege that his conviction or sentence have been reversed, expunged,

declared invalid, or otherwise called into question.  *See Heck*, 512 U.S. at 486–87.  Accordingly,

*Heck* dictates that these five claims for false arrest, false imprisonment, malicious prosecution,

arraignment due process violations, and the deprivation of counsel "*must* be dismissed."  *Id.* at 487

(emphasis added); *see also Channer v. Mitchell*, 43 F.3d 786, 787–88 (2d Cir. 1994) (affirming

dismissal of Section 1983 claims under Rule 12(b)(6) where plaintiff "offered no proof that his

conviction had been independently invalidated").[4]

## II.   *Monell* Bars the Unconstitutional Conditions of Confinement Claim

Fullewellen alleges that he was held "in [a] China Town jail," Pl. Opp., "for [three] days

without food and water or phone usage."  Compl. 4.  The Court construes this as a claim for

unconstitutional conditions of confinement.[5]

To assert a claim against the City, Fullewellen must plausibly allege: "(1) an official policy

or custom that (2) cause[d] [Fullewellen] to be subjected to (3) a denial of a constitutional right."

*Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983) (citing *Monell v. Dep't of Soc. Servs. of

City of New York*, 436 U.S. 658 (1978)).  The conditions of confinement claim fails for several

reasons.[6]

---

[4] Even if *Heck* did not bar these claims, they would also fail as being wholly conclusory.  *See Chavis*, 618 F.3d at 170.

[5] Unlike the other five claims, *Heck* does not bar the conditions of confinement claim because it does not "necessarily imply the invalidity of [the] conviction or sentence."  512 U.S. at 487.  Indeed, the Supreme Court "has repeatedly permitted prisoners to bring § 1983 actions challenging the conditions of their confinement."  *Wilkinson v. Dotson*, 544 U.S. 74, 84 (2005).

[6] Each of Plaintiff's claims, which are brought *only* against the City, and not any individual defendant, fails to state a claim under *Monell*.

First, Fullewellen does not plausibly allege "an official policy or custom." *Batista*, 702 F.2d at 397.  An official municipal policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).  The Complaint lacks facts supporting the existence of any such policy or practice.  Fullewellen does not identify any policymaking officials, or even allege which (or how many) officers deprived him of food, water, and phone usage, or what facility he was held in.  Moreover, the Complaint does not allege the existence of any particular unconstitutional municipal policy.  Instead, Fullewellen "describes only his own experiences, and pleads no facts concerning [the City's] conduct more widely." *Smith v. Westchester Cnty.*, No. 19-CV-1283 (KMK), 2019 WL 5816120, at *5 (S.D.N.Y. Nov. 7, 2019).  The *Monell* claim fails for that reason alone.  *See Hayes v. Perotta*, 751 F. Supp. 2d 597, 601–02 (S.D.N.Y. 2010) (dismissing Section 1983 claim where complaint was "devoid of any reference to anything that could be considered [the City's] policy or custom" (emphasis omitted)).

In addition, the allegations regarding Fullewellen's confinement are insufficient to allege the "denial of a constitutional right." *Batista*, 702 F.2d at 397.  Even accepting Fullewellen's allegation regarding the length of time for which he was detained pre-arraignment, *see* footnote 2, a three-day deprivation of phone usage does not state a "deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983.  "A detainee does not have a right to unlimited telephone access." *Al-Haj v. Singer*, No. 19-CV-3135 (LJL), 2021 WL 4442854, at *4 (S.D.N.Y. Sept. 28, 2021); *see also Bellamy v. McMickens*, 692 F. Supp. 205, 214 (S.D.N.Y. 1988) ("[P]risoners . . . have no right to unlimited telephone calls.").  Further, "phone restrictions do not impinge on . . . constitutional rights where an inmate has alternate means of communicating with the outside world." *Edwards v. Horn*, No. 10 CIV. 6194 RJS JLC, 2012 WL 760172, at *5 (S.D.N.Y. Mar. 8, 2012) (cleaned up).  A "well-pleaded Section 1983 claim based on lack of

telephone access [therefore] require[s] an allegation that the inmate was 'stripped of alternate means of communication.'" *Al-Haj*, 2021 WL 4442854, at *4 (quoting *Edwards*, 2012 WL 760172, at *5). Here, Fullewellen does not allege that he was "stripped of alternate means of communication." *Id.* For these reasons, the Complaint does not sufficiently state a claim for an alleged constitutional injury based on lack of phone access.

Nor are the food and water claims sufficient. Because Fullewellen was a pre-trial detainee at the time he "was held in the precinct," Compl. 4, this claim is governed by the Due Process Clause of the Fourteenth Amendment, and not the Cruel and Unusual Punishments Clause of the Eight Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Under *Darnell*, a pre-trial detainee must satisfy two prongs to state a claim. First, Plaintiff's allegations must satisfy an objective prong, "showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process." *Id.* The objective prong is satisfied by allegations of conditions that "either alone or in combination, pose an unreasonable risk of serious damage to . . . health." *Id.* at 30. In addition, there is a subjective prong, under which Plaintiff must allege "that the officer acted with at least deliberate indifference to the challenged conditions." *Id.* at 29. The Second Circuit has "defined [the subjective prong] objectively," meaning that Fullewellen must allege facts suggesting that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. "Mere negligence" is insufficient. *Id.* at 36.

Fullewellen alleges that he was denied food and water for three days. Compl. 4. Such a deprivation could well "pose an unreasonable risk of serious damage to . . . health," *Darnell*, 849 F.3d at 30, and therefore satisfies the first prong. *See Hodge v. Ruperto*, 739 F. Supp. 873, 878

(S.D.N.Y. 1990) (denying motion to dismiss where plaintiff alleged he was deprived of food and water for two and a half days).  But the Complaint is devoid of facts supporting the subjective prong.  Fullewellen does not point to any officers by name, position, or any other means, who allegedly deprived him of food and water, much less include factual allegations indicating that such officers "acted intentionally" or "recklessly failed to act with reasonable care" towards him. *Darnell*, 849 F.3d at 35.

For these reasons, the motion to dismiss the unconstitutional conditions of confinement claim is granted.

### III.    Leave to Amend

Rule 15 instructs the Court to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Moreover, a *pro se* complaint "should not be dismissed without granting leave to amend at least once when a liberal reading of the complaint gives *any* indication that a valid claim might be stated."  *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (cleaned up).  Because Fullewellen conceivably may be able to state a claim for unconstitutional conditions of confinement, Fullewellen is granted leave to amend his Complaint.

However, "[a]ny attempt to assert amended claims that are currently *Heck*-barred will have to await the invalidation or reversal of the plaintiff's state conviction[]."  *Hooks*, 2022 WL 16964010, at *8; *see also Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) ("Disposition of the case on *Heck* grounds . . . warrants only dismissal without prejudice, because the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" (emphasis omitted) (quoting *Heck*, 512 U.S. at 487)).

## CONCLUSION

For the foregoing reasons, the City's motion to dismiss is GRANTED.  Plaintiff must file any amended complaint within 30 days of the date of this Order.  The Clerk of the Court is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff at the address of record, and to terminate docket entry 17.

**SO ORDERED.**

Date:  **March 7, 2023**
       **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**